IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HAMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-CV-00836-JFC |
| ) | |
| KARA N. TEMPLETON, Director of ) | |
| Bureau of Drivers Licensing, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

## I. Introduction

Pending before the court is the motion to dismiss the complaint filed by Plaintiff James Hammonds ("Plaintiff"). [ECF No. 8]. In the motion, Defendant Kara N. Templeton, Director of Bureau of Driver Licensing ("Defendant"), seeks to dismiss the claims asserted by Plaintiff against her. Plaintiff, after initially failing to respond, filed a "response to show cause" setting forth his opposition to the motion to dismiss. [ECF No. 13]. For the reasons set forth below, Defendant's motion will be granted, with prejudice.

## II. Factual and Procedural Background

Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed his complaint against Defendant on June 22, 2016. [ECF No. 3]. In his complaint, Plaintiff states that on or about April 28, 2016, he received a "restoration requirements letter" from Defendant, in her official

capacity, informing him that, in order to restore driving privileges that he lost following a 2002 conviction in the Court of Common Pleas of Allegheny County, he had to successfully complete a court ordered treatment program under Act 122 and apply for an Ignition Interlock License. Id. ¶¶ 4-5. Plaintiff attached a copy of the letter (dated April 21, 2016) to his complaint. [ECF No. 3-1, at 1-2]. He also attached a copy of an Order of the Court of Common Pleas of Allegheny County dated July 22, 2002, in which the judge purportedly sentenced Plaintiff to probation for one year but did not check the boxes requiring completion of a regional alcohol program or an interlock device as special conditions. [ECF No. 3-1, at 3]. Plaintiff alleges that Defendant is therefore attempting to enforce a "ghost court order" that does not exist in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. [ECF No. 3 ¶¶ 6-14]. Along with his complaint, Plaintiff filed a motion for preliminary injunction alleging irreparable harm and seeking a court order enjoining Defendant from further issuing and enforcing "ghost court orders" such as that referenced in the complaint. [ECF No. 5].

On July 19, 2016, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim and a brief in support. [ECF Nos. 8, 9]. In the motion, Defendant contends that this lawsuit is merely a continuation of a prior action, Hammonds v. Templeton, Civil Action No. 14-514 (W.D. Pa.) ("Hammonds I"), in which this court dismissed the same allegations Plaintiff raises in the present case. Accordingly, Defendant argues, the complaint is barred by the doctrine of collateral estoppel and must be dismissed in its entirety, with prejudice. [ECF Nos. 8, 9]. Defendant attached to her motion three exhibits from the record in Hammonds I, including an April 11, 2014 restoration requirements letter from the Bureau of Driver Licensing (Ex. 1); a Report of the Clerk of Courts dated July 25, 2002 (Ex. 2); and a letter to Plaintiff from Defendant dated May 22, 2014, indicating, inter alia, that Plaintiff did not need to comply with ignition

interlock (Ex. 3). [ECF No. 8-2].[1]

As of October 5, 2016, Plaintiff had not responded to the pending motion to dismiss. Therefore, on that same date, this court entered an order to show cause why Defendant's motion should not be granted. [ECF No. 12]. On October 21, 2016, Plaintiff filed a "Response to Show Cause" in which he opposes the instant motion. [ECF No. 13].[2] The matter is now fully briefed and ripe for disposition.

### III. Standard of Review

The Court of Appeals for the Third Circuit recently reiterated the standards and procedures that a district court must apply when deciding a motion to dismiss made pursuant to Rule 12(b)(6):

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," Twombly, 550 U.S. at 556, 127 S. Ct. 1955, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility determination is

---

[1] In ruling on a motion to dismiss, a court may consider the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

[2] The order to show cause indicated that the court would deem Plaintiff's continued failure to respond consent to the motion to dismiss being granted. [ECF No. 12]. Because Plaintiff responded to the order to show cause within the timeframe given, the court will consider his opposition and evaluate the motion to dismiss on its merits.

3

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. 1937.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S. Ct. 1937; see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

Connelly v. Lane Constr. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016).

At the final step of the analysis, the court is to assume all well-pled allegations of "historical fact" to be true, construe those allegations in the light most favorable to the plaintiff, draw all reasonable inferences from the facts in favor of plaintiff, and ask whether those facts "raise a reasonable expectation that discovery will reveal evidence" to support the legal claim being asserted. Id. at 789. Allegations of historical fact are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Id. at 789-90 (citing Iqbal, 556 U.S. at 681). "Put another way, Twombly and Iqbal expressly declined to exclude even outlandish allegations from a presumption of truth except to the extent they resembled a 'formulaic recitation of the elements of a ... claim' or other legal conclusion." Id. at 789.

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's ... legal conclusions when deciding a motion to

dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) (citing *In re* Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir.1997)). Although a court must construe allegations in a *pro se* complaint liberally, a litigant "is not absolved from complying with Twombly and the federal pleading requirements merely because s/he proceeds *pro se*." Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir.2010) ("To survive a motion to dismiss, a complaint—even a *pro se* complaint—must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations and citations omitted)).

When a plaintiff's pleading is deficient, leave to amend generally must be granted unless amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). An amendment is futile when it would not cure the deficiency in the complaint, or, in other words, when the complaint, as amended, would still fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re* Burlington Coat Factory Sec. Litig., 114 F.3d at 1434).

## IV. Discussion

Defendant argues that Plaintiff's claims are barred by the doctrine of collateral estoppel. [ECF No. 9, at 3-4]. After careful review, the court agrees with Defendant that collateral estoppel precludes Plaintiff from pursuing the instant action.

The doctrine of collateral estoppel bars relitigation of issues adjudicated in a prior action. Peloro v. United States, 488 F.3d 163, 174 (3d Cir.2007). The parameters of this doctrine have been defined by the United States Court of Appeals for the Third Circuit as follows:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was]

5

essential to the prior judgment.'" Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231–32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n.5, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

Peloro, 488 F.3d at 174–75 (footnote omitted). Because the final judgment upon which Defendant bases her claim of collateral estoppel was issued by this court in Hammonds I, the United States Court of Appeals for the Third Circuit's formulation for federal collateral estoppel applies. Id. at 175 n.11 (citing Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir.1999)).

All the above requirements for the application of collateral estoppel exist in this case. Plaintiff filed an almost identical complaint against Defendant in Hammonds I, which the court dismissed for lack of subject-matter jurisdiction on Eleventh Amendment immunity grounds. See Hammonds v. Templeton, Civil Action No. 14–514, 2015 WL 106618 (W.D. Pa. Jan. 7, 2015). The United States Court of Appeals for the Third Circuit entered a judgment affirming the decision. Hammonds v. Director Pa. Bureau of Driver Licensing, 618 F. App'x 740 (3d Cir. 2015). Although the Court of Appeals held that the Eleventh Amendment did not bar Plaintiff's claims to the extent he sought, as here, prospective injunctive relief, the court nevertheless upheld the dismissal of Plaintiff's case because he failed to state a § 1983 claim for procedural due process upon which relief could be granted. See id. at 742 (citing Fed. R. Civ. P. 12(b)(6)). Specifically, the Court of Appeals explained:

> Assuming that Hammonds purports to assert that he has a Fourteenth Amendment interest in his driver's license, he does not contend that defendant Templeton denied him adequate process. While we construe the allegations of a pro se pleading liberally, see United States v. Miller, 197 F.3d 644, 648 (3d Cir.1999), we fail to discern either a procedural due process claim—or any other claim under § 1983—against defendant Templeton here. We have carefully reviewed Hammonds's submissions in this Court and the District Court, and are satisfied that further amendment of the amended complaint would have been futile. See Phillips

6

> v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir.2008). We therefore conclude that the District Court properly dismissed it.

Id. Because the issue whether Defendant's alleged actions concerning the restoration of Plaintiff's driver's license violated his procedural due process rights, or any other federal rights, was "actually litigated" and was "essential" to "a final and valid judgment," collateral estoppel applies and bars Plaintiff from attempting to relitigate these repeated claims here. See, e.g., Fink v. Bishop, 641 F. App'x 134 (3d Cir. 2016) (per curiam); Phillips v. James, Civ. Action No. 13-1196, 2014 WL 1652914 (W.D. Pa. Apr. 23, 2014); Tauro v. Allegheny Cnty., Civ. Action No. 09-0354, 2009 WL 4262977 (W.D. Pa. Nov. 24, 2009), aff'd, 371 F. App'x 345 (3d Cir. 2010).

Even if Plaintiff's claims are not so precluded, his complaint fails to state a claim upon which relief can be granted for the same reasons set forth by the court of appeals in Hammonds I. The only difference between this case and Hammonds I is that Plaintiff received a new restoration requirements letter from the Bureau of Driver Licensing. Aside from its date, however, the new letter is substantively identical to the letter at issue in Hammonds I, and nothing therein gives rise to a plausible due process claim. The mere fact that Plaintiff invokes the due process clause likewise does not lend credence to his claims. Burtch, 662 F.3d at 224 ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)).[3] Even construing the allegations in Plaintiff's complaint liberally in light of his *pro se* status, the pleading fails to provide any plausible basis to support a procedural due process claim.

In his response to the order to show cause, Plaintiff does not respond directly to Defendant's arguments in support of dismissal. Rather, Plaintiff claims that his motion for preliminary injunction, and not his complaint, is the "controlling weight for the basis of this

---

[3] Plaintiff also ignores the letter he made part of the record in Hammonds I that clarified he is not required to apply for an ignition interlock license. See ECF No. 8-2, Ex. 3; Civil Action No. 14-514 (W.D. Pa.), ECF No. 5-2, Ex. A.

action." See ECF No. 13, at 1 (noting that the complaint is "only an exhibit" to the preliminary injunction motion). For the reasons set forth above, however, Plaintiff cannot demonstrate that he is likely to prevail on the merits of his claims in light of the arguments raised in Defendant's motion to dismiss. Because the underlying complaint fails to state a claim upon which relief can be granted, the motion for preliminary injunction must be denied as moot. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004) ("[I]f the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.").

**V. Conclusion**

The United States Court of Appeals for the Third Circuit has held that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. Kim v. I.R.S., 522 F. App'x 157, 159 (3d Cir. 2013) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). In this case, for the reasons set forth above, leave to amend Plaintiff's *pro se* complaint would be futile with respect to his § 1983 claim. Accordingly, Defendant's Motion to Dismiss will be granted, and Plaintiff's § 1983 claim will be dismissed with prejudice. To the extent Plaintiff's complaint can be construed as raising any state law claims, these claims will be dismissed without prejudice.[4] Plaintiff's Motion for Preliminary Injunction will be denied as moot.

An appropriate order will be entered.

BY THE COURT:

Dated: November 18, 2016

/s/ Joy Flowers Conti_____
Joy Flowers Conti
Chief United States District Judge

---

[4] Although Plaintiff's complaint does not appear to allege a violation of state law, Plaintiff's "Response to Show Cause" alludes to both state and federal constitutional claims. [ECF No. 13]. Thus, out of an abundance of caution in light of Plaintiff's *pro se* status, the court makes the distinction here.

8